# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12-cv-391-RJC

| | |
|---|---|
| DEWAYNE LEE ANTHONY, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER** |
| PAULA SMITH, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). See 28 U.S.C. § 1915A(a).

## I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina serving a life sentence for murder in the first degree (principal), and he is currently housed in the Marion Correctional Institution within the Western District. In his pro se Complaint, Plaintiff alleges that Defendant Paula Smith, whom he identifies as the "Doctor Chief Health Administrator Services" has been deliberately indifferent to his serious medical needs. Plaintiff contends that his repeated requests for treatment by a specialist in the fields of dermatology; respiratory illness; magnetic resonance imagery ("MRI"); vision disorders (cataracts); and infectious diseases (Hepatitis C) have been largely ignored. Plaintiff presents evidence that he has participated in the Three-Step Administrative Grievance Procedure in 2010 through 2012 to no avail.

In his request for relief, Plaintiff seeks a declaration that his Eighth Amendment rights have been violated and he seeks compensatory and punitive damages in excess of $100,000, and an order for immediate transfer to Central Prison in Raleigh, North Carolina. (Doc. No. 1 at 3-6).

1

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). Upon review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff contends that the Defendant Paula Smith has been deliberately indifferent to his serious medical needs and that this deliberate indifference violates his Eighth Amendment right to be free from cruel and unusual punishment.

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a

detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citing White ex rel. White v. Chambliss, 112 F.3d 731, 737 (4th Cir. 1997). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md.1975), aff'd, 535 F.2d 1250 (4th Cir. 1976).

The constitutional right is to medical care. A claim based solely on a difference of opinion as to the quality of such care is not sufficient to raise a constitutional claim. Id. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical

malpractice").

In the present case, Plaintiff participated in the Administrative Grievance Procedure by submitting written complaints. In answer to his complaints, prison officials responded by detailing the medical treatment and responses he had received for each of his alleged conditions: hepatitis C, dermatology condition, requests for an MRI, and treatment for his cataracts. The Clerk of Court docketed Plaintiff's Complaint in the instant case on the same day that his Complaint in Case No. 1:12-cv-387-RJC was docketed in this district. In this latter case, Plaintiff raises nearly identical claims regarding each of the above-named medical conditions. In dismissing the latter Complaint, the Court noted that Plaintiff is disputing the course of treatment, in particular, he expresses dissatisfaction that he is not being referred to his chosen experts in the field of medicine: dermatology, radiology, visual disorders, and infectious diseases. The Court finds that Plaintiff's claims here are duplicative of the claims that have been previously rejected, and the present Complaint should be dismissed for the reasons stated herein and in the latter case. See (1:12-cv-387, Doc. No. 3: Order).

Moreover, Plaintiff names as the lone defendant Paula Smith, a medical doctor whom he identifies as the chief of health administrator services. In his Complaint, Plaintiff appears to contend that Dr. Smith is ultimately responsible for denying his repeated requests for medical treatment, and therefore liable for damages in this § 1983 action. However, in examining the grievances submitted by Plaintiff, and the responses thereto which are attached to his Complaint, there does not appear to be an indication that any of his medical complaints were brought to her attention. Thus, to the extent Plaintiff's notion of liability relies solely upon the doctrine of respondeat superior, it must fail. See Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978).

In other words, even if the Court credits Plaintiff's unsupported allegation that Dr. Smith was deliberately indifferent to his serious medical needs, she could only be liable under § 1983 if

4

the following conditions are present: (1) Dr. Smith had actual or constructive knowledge that subordinate medical personnel were denying needed medical treatment thereby creating a widespread and unreasonable risk of constitutional injury; (2) that Dr. Smith's response to the medical risks to Plaintiff was inadequate and rose to the level of "deliberate indifference to or tacit authorization of the alleged offenses practices," and (3) that there is an "affirmative causal link" between Dr. Smith's inaction and the constitutional injury under scrutiny. <u>Shaw v. Stroud</u>, 13 F.3d 791, 799 (4th Cir. 1994) (quoting <u>Miltier</u>, 896 F.2d at 854)).

In sum, Plaintiff's claims must fail. First, assuming Dr. Smith ultimately approved the course of treatment that was established by subordinate medical personnel, the Court finds that Plaintiff falls short of demonstrating medical indifference because the complaints would sound in negligence, at best, or mere disagreement with his course of treatment. And it follows, then, that even if Dr. Smith knew of the denials of Plaintiff's proposed course of medical treatment and refused to act in reviewing the denials, such omission would still fail to demonstrate a cognizable injury in this § 1983 case because, again, this alleges negligence or disagreement with his treatment.

### IV.     CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Complaint for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint is **DISMISSED** without prejudice for failure to state a claim. (Doc. No. 1). <u>See</u> 28 U.S.C. § 1915A(b)(1).

2. Plaintiff's motion for an order directing the defendant to reply to his complaint is **DENIED**. (Doc. No. 3).

3. Plaintiff's motion for default judgment is **DENIED**. (Doc. No. 6).

The Clerk of Court is directed to close this civil case.

5

**IT IS SO ORDERED.**

Signed: July 26, 2013

Robert J. Conrad, Jr.
United States District Judge